[Filed November 15, 1886.]      $\frac{14}{42}$ $\frac{165}{122}$

# E. MARTIN v. THOS. MARTIN, AND J. H. TAGGART, RECEIVER.

RECEIVER — APPOINTMENT AND COMPENSATION OF.— In the absence of a statute providing for the compensation of a receiver, the court appointing him may allow a reasonable compensation for his services.

SAME—FINAL ORDER—APPEAL.—The order making such allowance is a final order affecting a substantial right made after final decree, and is therefore appealable.

APPEAL—HOW TAKEN.—An appeal from such an order is a special proceeding, not covered by the general statute relating to appeals, but may be reviewed in the manner prescribed by rule 14 of this court.

SAME—SUITS—CONSTRUCTION OF STATUTE.—The amendment of February 24, 1885, relating to practice in suits in equity (Sess. Laws. 1885, p. 69), was intended to apply only to ordinary suits, and not to cases where the trial court is merely called upon to inquire into and adjust a collateral matter not affecting the merits.

MULTNOMAH COUNTY.    Plaintiff appeals.    Order modified.

*W. B. Gilbert*, for Appellant.

*Emmett B. Williams*, for Respondent.

THAYER, J.—This appeal is from an order of allowance made by the circuit court for Multnomah County, in favor of the respondent Taggart, as receiver of partnership property in the case of *E. Martin* v. *Thomas Martin.* Said last named persons were partners in the wholesale liquor business at Portland, under the firm name of E. Martin & Co. E. Martin commenced a suit in said circuit court against said Thomas, to dissolve the partnership, and to appoint a receiver to wind up its affairs. A decree for its dissolution was obtained, and the respondent was appointed such receiver; and he afterwards entered upon the discharge of his duties, taking charge of the assets of the concern, which consisted of a stock of liquors on hand at the time of the dissolution, and accounts and bills receivable in favor of the firm, and other property.

The respondent had, prior to his appointment, been residing at San Francisco, Cal., and he came to Portland at the instance of E. Martin & Co., of San Francisco, composed of D. V. B. Henarie and P. J. Martin, for the purpose of taking charge of the business of E. Martin & Co. of Portland; said last company being in a condition of insolvency, and being indebted to the San Francisco company in the sum of about $50,000. But the Portland company could not agree in regard to turning over its business to him, and the suit for the dissolution was commenced. Immediately after the respondent's appointment as such receiver, he sold the whole stock of merchandise belonging to the Portland firm to the San Francisco firm for $20,000, which was credited on the indebtedness from the former firm to the latter, and the business was turned over to the latter firm, and continued in the name of E. Martin & Co., and the respondent was employed to manage the same at a salary of $200 a month, and a promise of a share of the profits of the business, the said respondent continuing also as receiver. After the period of some twenty-eight months, the respondent filed his final report, showing a balance in his hands of $801.20, and asked the court to fix his compensation for his services.

The appellant thereupon filed objections to his being allowed

anything, and alleged that during the said time he had been receiver of the old firm of E. Martin & Co. of Portland, he was also acting as manager of the new firm of E. Martin & Co., and that by a special agreement between him and the last firm, he was to accept the appointment of receiver and discharge the duties thereof for the compensation they were to pay him on account of his employment with them, and was to make no charge for any service he should perform as receiver, and that the most of his duties as receiver had been discharged by their own employees. This was denied by the respondent, and thereupon testimony was taken in regard to the matter, which was put in the form of a bill of exceptions, and duly certified to this court, after having been allowed by the judge of the court who tried the matter. The circuit court heard the case upon the objections, allegations, denials, and testimony; and on the 18th day of January, 1886, decided and allowed to the respondent, as such compensation, the sum of $2,400; from which allowance this appeal is taken.

A receiver, under the laws of this state, is a person appointed by a court or judicial officer to take charge of property during the pendency of a civil action, suit, or proceeding, or upon a judgment, decree, or order therein, and to manage and dispose of it as the court or officer may direct. (Civil Code, Sec. 1028.) There is no compensation fixed by the statute, and in the absence thereof we think the court has the right to allow a reasonable compensation. And as the receiver is directly under the control of the court that appoints him, such court is in a better condition to judge as to the amount which would be reasonable in such a case than an appellate court. Still, we believe that this court has a supervisory jurisdiction over the circuit court in such matters, and should exercise it when the justice of the case demands. Otherwise, an estate might be frittered away and the creditors receive no benefits therefrom. The allowance to the respondent in this case was a final order affecting a substantial right, and made in a proceeding after decree, and must therefore, for the purpose of being reviewed, be deemed a decree. (Civil Code, Sec. 525.) Bu

We are met with a difficulty at this point, arising from a neglect upon the part of the appellant to except to the court's findings of fact, as required by section 393 of the Civil Code, as amended in 1885. The respondent's counsel claims that the findings have, in accordance with the amendment, the conclusiveness of a verdict of a jury, and not having been excepted to, cannot now be questioned.

The amendment of 1885 changed the practice materially respecting the trial of equity cases before the court—has made it conform very much to the trial of an action. I judge that the mode of procedure now is to serve exceptions to the ruling of the court at the trial upon the points of law, and to make up a regular bill of exceptions, as in a law case; and which must also include any exceptions a party may desire to save to the findings of facts by the court. This course will save the necessity of bringing to this court any more of the testimony than that upon which the finding was made that is excepted to. If this practice is observed, it will relieve the case of a great mass of testimony relating to findings of fact not excepted to.

But we have concluded that the matter before us is not affected by the amendment; that the amendment was only intended to apply to ordinary suits of equity, and not to cases where the trial court is merely called upon to inquire into and adjust a collateral matter, in no wise affecting the merits of the suit in court. This was merely a question as to the amount of compensation the court should allow to its officer, like the adjustment of a bill of costs and disbursements, and that is special in its character. It is true, that for the purpose of a review it is to be deemed a decree, but the code made no provision as to the manner of getting the facts or evidence before this court in case of a review of the order complained of. In order to establish the practice in such cases, this court, at the October term, 1885, adopted a rule upon the subject which is published among the rules then made, and which provides as follows:

"RULE 14. The mode of revision of final decisions of the

circuit court, where the course of proceeding is not specifically pointed out by the civil code, shall be by appeal, as in case of appeals from judgments at law ; and questions of fact shall not be considered upon such appea. unless made a record in the form of a bill of exceptions."

The appellant in this appeal has, either by accident or design, substantially complied with that rule, and we are of opinion that we may properly review the question in the case in accordance therewith ; and that the course and practice established by the rule should obtain in this class of cases. They are usually disposed of summarily, involve a mere inquiry regarding a single matter ; and if a review of the decision upon the question is desired, the proofs before the lower court can be included in a statement, and the matter reviewed here. It is a simple mode of reviewing that class of orders, and we do not think that said section 393, originally, or as amended, was intended to include such matters.

The matter upon its merits presents a delicate question to determine. We dislike very much to interfere with the determination of the circuit court regarding it, yet we recognize the fact that the parties interested in the estate, of which the respondent was appointed receiver, have rights that should have been observed. The money paid the receiver belongs to those parties, and any reckless or extravagant allowance to the receiver deprives them of a fund in which they are interested pecuniarily. We have examined the testimony included in the statement allowed by the judge, and are of the opinion that the allowance made by the court to the respondent, as compensation for his services as receiver, was too much, in view of the facts and circumstances of the case. He was, during all the time for which he claims compensation as receiver, in the employ of the new firm of E. Martin & Co., receiving from that firm a salary of $200 a month; they furnished his bondsmen, did a part of his work, and paid his traveling expenses, and all he did as receiver was merely incidental to his employment with that company. We attach no importance to the agreement claimed to have been made by the company with the respond-

ent, that he should charge no compensation as receiver; do not believe that such an agreement would be recognized by the court; but the facts and circumstances under which he performed his duties as receiver should be taken into consideration. I do not see that the respondent, after he sold the stock to the new firm of E. Martin & Co., had much to do. His employment with the company required him to travel over the country, and the collection of the debts due the old company included about all the services he was required to perform as receiver. I think fifty dollars a month would have been ample compensation as receiver, under the circumstances; and if the matter were before this court as an original question, I would not consent to any greater payment than that. At that rate his compensation would have amounted to fourteen hundred dollars, and I think it would have been ample, judging from the facts before this court. But as before suggested, the circuit court had a better opportunity to know the extent and value of the services, and in view of that phase of the case, we have concluded that we might do the respondent an injustice by reducing the amount of his allowance to the extent indicated; and in order to guard against such consequences, have concluded to add a gross sum to the amount we would otherwise deem adequate. We think $1,800 is the extent that should have been allowed the respondent, and that that amount will cover the value of his services under any possible view of the case. The sum fixed by the circuit court will, therefore, be reduced from $2,400 to $1,800, and the order appealed from will be modified accordingly. Neither party will recover costs of appeal.