Argued January 22; appeal dismissed January 28, 1947

# AHERN *v.* SETTERGREN
## (176 P. (2d) 645)

*Frank S. Senn,* of Portland (Senn, Recken & Recken, of Portland, on brief), for appellant.

*Wm. P. Lord,* of Portland (Lord, Anderson & Franklin, of Portland, on brief), for respondent.

KELLY, J.

This is an action for damages for personal injuries alleged by plaintiff to have been sustained by her as

the result of certain allegedly negligent acts on the part of defendant.

The accident involved here occurred on January 31, 1944.

At that time and for some time prior thereto the defendant as an independent contractor was employed by the Willamette Iron & Steel Corporation to erect certain improvements on its premises in Portland, Oregon. Among these improvements was the addition of a second story to one of its buildings.

At the time of the accident and for some time theretofore the Willamette Iron & Steel Corporation maintained three dispensaries on its premises where injured and sick employees could go for first aid and other services, the main dispensary being on the ground floor of the building just mentioned to which a second story was being added at the time of the accident.

In connection with the operation of this dispensary, provision was made for the transportation of injured or sick employees from that place to hospitals or doctors, as the cases might demand. This transportation was furnished by the Steel Corporation, and plaintiff was employed to operate the automobile in which such injured or sick employees were taken from the dispensary to a hospital or doctor, as the case might be. After delivery of the injured or sick employees to the hospital or doctor, the plaintiff reported back to the dispensary for the purpose of transporting others as might be necessary.

On the 31st day of January, 1944, as plaintiff was leaving the dispensary, a loose board was caused to be thrown or dropped from the second story construction to the ground striking the plaintiff in its descent and causing her the injuries of which she complains.

Plaintiff first filed a claim for compensation with the State Industrial Accident Commission under the Workmen's Compensation Act, and the claim was allowed.

On March 8, 1945, she filed a written election with the State Industrial Accident Commission to seek a remedy against the defendant herein for damages alleged to have been caused by defendant's negligence, proceeding under the provisions of Section 102-1752, O. C. L. A.

Among other things, said section provides as follows:

\* \* \* "If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman \* \* \* may elect to seek a remedy against such third person; provided, however, that no action shall be brought against any such third person if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to this act. 'Premises', as used in this section, shall mean the place where the employer, or his workman causing the injury, and the employer of the injured workman, are engaged in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation." Vol. 7, O. C. L. A., p. 667, Section 102-1752.

Acting under the provisions of section 102-1729, O. C. L. A. the defendant herein filed supplemental pleadings challenging the right of plaintiff to bring this action against defendant herein, said challenge being based upon the contention:

"That at the time of said accident and injury

complained of by the plaintiff, the premises where the accident happened and where plaintiff claims she received her injuries, were under the joint supervision and control of the plaintiff and her employer and this defendant and his employees; and that plaintiff and her employer and the defendant and his employees were at the time of said accident and injuries complained of by the plaintiff engaged in the furtherance of a common enterprise and were engaged in the accomplishment of the same and/or a related purpose, namely, to carry on the operation of building ships and providing for the facilities thereof and for other incidental operations thereto, including the outfitting of ships and the taking care of employees who might be injured while doing said work; that all of said work was hazardous employment and subject to the provisions of the Workmen's Compensation Act.''

Among other things, it is provided in said section 102-1729, O. C. L. A., that—

"A challenge of the right to bring such third party action shall be made by supplemental pleadings only and such challenge shall be determined by the court as a matter of law.'' Vol. 7, O. C. L. A., p. 649, Section 102-1729.

While the above quoted provision of the statute plainly authorizes the trial court to determine the challenge by defendant of plaintiff's right to maintain the action as a matter of law, the statute does not provide that any appeal may be taken from the order of the trial court in that regard.

Since the oral argument and upon the request by the court addressed to each of the attorneys respectively, representing plaintiff and defendant, to cite the statute, if any, authorizing an appeal from such an order as the one here involved, namely, an order

denying the challenge by defendant of plaintiff's right to maintain this action, defendant's attorneys have submitted a brief.

■ It is therein contended that we should consider sections 102-1729 and 102-1780, O. C. L. A. *in pari materia.* This is a phrase applied particularly to statutes or general laws, usually enacted at different times, but with reference to the same subject matter, that is, statutes which relate to the same person or thing, or to the same class of persons or things, and which are not in substance inconsistent with each other. 42 C. J. S., p. 490.

The right of appeal given by section 102-1780, O. C. L. A., supra, refers only to those cases wherein the attorney general at the request of the State Industrial Accident Commission files an answer contesting the right of the plaintiff therein to maintain an action against an employer subject to the Workmen's Compensation Act. The provisions of this section apply only to those cases wherein it becomes the duty of the State Industrial Accident Commission to request the attorney general to defend an employer.

■ We think that in respect to a right of appeal on such a record as this, defendant herein is not in the same class of persons as the members of the State Industrial Accident Commission and the attorney general when they are acting in their official capacity; and hence, the maxim, *"in pari materia"* is not applicable.

Defendant also cites the case of *Martin v. Martin,* 14 Or. 165, 12 P. 234, in support of his contention that the order of the trial court in the instant case, to the effect that plaintiff has a right to maintain this action, is an appealable order.

*Martin v. Martin,* supra, is a case where Mr. Taggart, having been appointed receiver of partnership property, and having terminated his services as such receiver, presented his final account in which he asserted a claim to compensation as such receiver. Objections were made to any allowance. A hearing was had and an allowance was made by the trial court. Upon appeal by the plaintiff, this court reduced the amount of the allowance made by the trial court. Obviously, as to the plaintiff and the receiver, the order of the trial court was a final order. Nothing more could be done by the trial court in respect to the issue whether the receiver, having fully performed his service as receiver, should be allowed compensation, and if so, in what amount. There was no other issue between them for the trial court to consider.

In the case at bar, the trial court has yet to try the issues presented by plaintiff's complaint and defendant's answer, as distinguished from his supplemental pleading.

Moreover, as stated in the Martin case, the receiver is an officer of the court appointing him. In the case at bar, defendant sustained no official relationship to the court or to the public.

The case of *Winters, et al. v. Grimes, et al.,* 124 Or. 214, 216, 264 P. 359, is also cited by defendant. This is a case where an appeal was sought from an order declaring that plaintiffs were entitled to an accounting from the defendants and requiring defendants to produce at the time and place designated therein all of defendants' books, records and other named documents so that an accounting might be rendered to plaintiffs, also requiring defendants to account to plaintiffs for moneys received by defendants in which plaintiffs had a right to an accounting and enjoining defendants

from in any way disposing of certain specified articles of personal property in which plaintiffs were alleged to have had an interest.

Speaking through the late Mr. Chief Justice RAND, this court held that there were no grounds for the appeal and that the decree was purely interlocutory and in no sense final.

In the case of *Winters, et al. v. Grimes, et al.,* supra, authorities are cited upon this question.

One of the tests suggested by defendant, as to whether or not an order of a trial court is appealable, is to the effect that if no further action of the court is required to dispose of the cause, it is final.

■ In the case at bar, after the court's denial of the challenge by defendant of the right of plaintiff to maintain the action, there was required of the trial court the duty of trying the cause upon its merits. The order denying defendant's challenge of plaintiff's right to maintain this action is not a final order for it did not terminate the task of the trial court in regard to the matter in controversy before that court. A judgment of dismissal based upon an order sustaining defendant's challenge, however, would have been a final order.

In the instant case, as stated, the learned trial judge decided that the plaintiff was entitled to maintain her action against defendant. Obviously, such a decision is not a final judgment. It has no more finality than an order overruling a demurrer to a complaint. Because the order of the trial judge in the case at bar is not a final order and there is no statutory provision authorizing an appeal therefrom, this appeal must be dismissed and it is so ordered.