[Filed January 14, 1890.]

## PENUMBRA KELLY, APPELLANT, *v*. MULTNOMAH ·COUNTY, RESPONDENT.

COUNTY—LIABILITY.—The question of a county's liability depends solely upon the statute. It is not liable unless the statute has created the liability.

JAILER—DUTIES OF.—Section 3975, Hill's Code, makes it the duty of the keeper of each jail to furnish and keep clean the necessary bedding and clothing for all prisoners confined in his jail, and to supply them with wholesome food, fuel, and necessary medical aid

CHARGES AND EXPENSES OF JAIL—HOW PAID.—By § 3977, Hill's Code, the charges and expenses for safe-keeping and maintaining all prisoners committed to the county jail, unless otherwise provided by law, are payable out of the treasury of the county.

PRISONERS IN COUNTY JAIL—PAY FOR KEEPING AND BOARDING.—By § 2341 a sheriff is entitled to $5 a week each for keeping and boarding prisoners till the number confined on criminal process shall exceed four; then he shall receive $3 per week for keeping and boarding each one of said prisoners; but this does not include pay for the necessary bedding, clothing, fuel or medical aid which he is required to furnish by § 3975, and for which the county is made liable by § 3977, *supra*.

STATUTORY LAW—CONTEMPORARY CONSTRUCTION.—Where those persons whose duty it is to execute a law have uniformly given it a particular construction, and that construction has been acquiesced in and acted upon for a long time, it is a contemporary construction which always commands the attention of the courts, and will be followed unless clearly and manifestly wrong.

APPEAL from the circuit court for Multnomah county.

This is an action brought by appellant, who is sheriff of Multnomah county, and the keeper of the jail, against that county, to recover for the actual cost of some blankets furnished to the prisoners while confined under criminal

process in the jail of that county.  The county demurred to the complaint and had judgment in its favor, from which plaintiff has appealed.  The sole question to be determined is whether or not the county is under a legal obligation to pay the sheriff the amount expended by him in the purchase of such blankets.

*W. H. Adams* and *U. S. Grant Marquam*, for Appellant.

*C. B. Bellinger*, for Respondent.

STRAHAN, J.—The question of the county's liability depends solely upon the statute.  It is not liable unless the statute has created the liability.  Section 1026, Hill's Code, authorizes the sheriff to appoint a jailer, and makes him responsible for such jailer's acts.  Section 3975 provides "that the keeper of each jail shall furnish and keep clean the necessary bedding and clothing for all prisoners in his custody, and shall also supply them with wholesome food, fuel and necessary medical aid.  Section 3977 provides, 'the charges and expenses for safe keeping and maintaining all persons duly committed to the jail of the county for trial or sentenced to imprisonment in the county jail, or who may be committed for the non-payment of any fine, or for any contempt, shall, unless otherwise provided by law, be paid out of the treasury of the county, the account of the keeper being first allowed by the county court of the county from which the prisoner was committed."  Section 2341 provides, "a sheriff shall be entitled to receive $5 a week for keeping and boarding any person arrested upon civil or criminal process, in the county jail, and a proportionate part thereof for any fraction of a week, provided that, if at any time the number of persons confined on criminal process in such jail shall exceed four, then the sheriff shall receive $3 per week for boarding and keeping each one of said prisoners during the period such prisoners shall remain in custody."

These are the only provisions of the statute that relate to the subject.  The decision of this question must turn upon the construction to be given to §§ 3975 and 3977,

*supra.* Amongst other things which the keeper of the jail is bound to furnish prisoners committed to his custody by section 3975 is "the necessary bedding." He is also bound to furnish them necessary clothing, wholesome food, fuel and necessary medical aid. These are all charges and expenses for safe keeping and maintaining of persons duly committed to the jail of the county, and for which the proper county is made liable by § 3977, *supra.* The payment of these expenses is not otherwise provided for by law, and it is not perceived on what ground the non-liability of the county could be maintained. It is said that § 2341, *supra,* fixes the only compensation to which the jailer is entitled. That section fixes $5 per week for *keeping* and *boarding* until the number exceeds four, and then the price is $3. But this section is only for the *keeping* and *boarding,* and has no relation whatever to "the necessary bedding and clothing," nor to the "fuel and necessary medical aid," which he must furnish under section 3975. It is true that, under this section, the jailer must also supply the prisoners with wholesome food, and if there was no other enactment providing for the payment for this item, it would be the duty of the proper county court to audit and allow a reasonable sum therefor; but it must be remembered that this statute was enacted in 1854, and section 2341 was enacted in 1882.

In 1864 the enactment on that subject was as follows: "A sheriff shall be entitled to receive $6 a week for keeping any prisoner arrested upon civil or criminal process, in the county jail, and a proportionate part thereof for any fraction of a week. When a prisoner is arrested on a criminal process the compensation must be paid by the proper county." The object of the Act of 1882 is manifest. Without materially changing any other part of the law then in force on the subject, the legislature reduced the amount of allowance to the sheriff one dollar per week for keeping each prisoner, until the number should exceed four, and after that the amount should be $3. It seems to me that the legislature had good reasons for fixing the amount to be

paid for keeping and boarding a prisoner, and leaving the amount of the other expenses that might be incurred under the Act to be ascertained by the county court. The amount necessary to board and keep a prisoner could be readily ascertained. It would be about the same per week at all times; but the clothing, bedding, and medical aid would vary according to circumstances and the condition of the case. For instance, a well-clad prisoner might remain in jail for a long time and need no clothing beyond his own supply, or he might never be sick, or the jail might already be sufficiently supplied with bedding, in either of which events the sheriff would not be authorized to incur any expense on the account of such prisoner, and the legislature could not provide a fixed amount that would be just as applied to the facts of each particular case. Counsel for Multnomah county rely upon *Connelly* v. *Dakota County*, 35 Minn. 365.

If section 2341 was the only provision on the subject of the keeping and providing for the payment of the expenses of prisoners confined in jail, this authority would then be in point, but in view of the other provisions of the statute above cited, its applicability is not perceived. And the same remark may be made in reference to the case of *Grubb* v. *Louisa County*, 40 Iowa 314, cited by respondent's counsel. The statutes construed there, while some portions have an analogy to ours, are not the same in substance, and hence the authority would be inapplicable. It is believed that the construction here given to these provisions is the same they received by those charged with the duty of their execution ever since their enactment, and this, of itself, would be sufficient to turn the scale if the question were doubtful. In all cases where those persons whose duty it is to execute a law have uniformly given it a particular construction, and that construction has been acquiesced in and acted upon for a long time, it is a contemporary exposition of the statute, which always commands the attention of the courts, and will be followed unless it clearly and manifestly appears to be wrong. It

follows, from what has been said, that the court erred in sustaining the defendant's demurrer to the plaintiff's complaint.

The judgment will therefore be reversed and the cause remanded to the court below, with directions to overrule said demurrer, and for such further proceedings as may be proper.