IN THE MATTER OF THE APPLICATIONS OF W. J. HENERY, E. B. GRISWOLD AND M. E. SMITH FOR PERMIT TO BUY, KEEP AND SELL INTOXICATING LIQUORS.

**Intoxicating liquors:** GRANTING OF PERMITS. The fact that soda water and ice cream are sold in a drug store, does not bring the proprietor within the statute prohibiting the granting of permits to sell liquors to keepers of eating houses, restaurants and saloons.

**Granting of permits:** UNLAWFUL SALE. A pharmacist should be refused a permit to sell liquor, where a single sale of alcohol is shown within the six months prior to the application, and the purpose of the sale is immaterial.

**Necessity:** DISCRETION OF COURT. The question of whether public necessity or convenience require the granting of a permit to sell liquor, is one peculiarly within the discretion of the court.

*Appeal from Madison District Court.*— HON. A. W. WILKINSON, Judge.

MONDAY, JUNE 13, 1904.

THE opinion states the case. *Reversed* in part, and *affirmed* in part.

*C. A. Robbins,* County Attorney, for appellant.

*J. E. Tidrick,* for W. J. Henery.

*J. A. Guiher* for E. B. Griswold and M. E. Smith.

WEAVER, J.— The three appellees, Griswold, Henery and Smith, who are registered pharmacists doing business in the city of Winterset, having severally made application to buy, keep, and sell intoxicating liquors for lawful purposes, the county attorney appeared thereto and opposed the granting of said petitions. The trial court found for applicant in each case, and granted a permit as prayed. The cases seem

to have been heard together below, and have been so argued and submitted in this court. In cases of this kind, the trial court has the advantage of the personal presence of the applicants and witnesses, and can so much better judge of the merits of the application than can we from the printed record that we interfere with its finding with reluctance. Moreover, the proceeding is at law, and the result in each case turns largely, if not entirely, upon fact propositions, and, if there be any basis in the evidence for the finding appealed from, we cannot set it aside. If, however, there be in the record any admitted or clearly established fact which renders the applicant ineligible to become a permit holder, it then becomes our duty to reverse the order granting it. Is there any such showing as to either of the three appellees?

I. It was shown that some or all of the applicants were in the habit of selling soda water and ice cream during the season for such refreshments, and it is contended by the county attorney that this brings such places of business within the description of "eating houses, restaurants, and saloons," keepers of which cannot be lawfully granted permits. We think this would be a strained and unreasonable interpretation of the statute. The sale of soda water and ice cream is ordinarily carried on as a mere incident in connection with some other business or occupation, and it would be a wide departure from the usual and accepted meaning of the words to hold that every place in which such refreshment is found is to be classed as restaurant, eating house, or saloon. Such is not the practical interpretation which the people generally have placed upon the law, and we are not justified in establishing any such extreme precedent. The distinction between places provided solely or principally as resorts for food or drink and those which are devoted to other legal business is recognized by the Michigan court in *Kitson v. Mayor*, 26 Mich. 325, cited by the appellant.

II. It is further objected that the applicants had kept

*1. GRANTING OF PERMITS.*

and sold certain so-called tonics or preparations alleged to contain a small percentage of alcohol. If the evidence was clear or undisputed that such concoctions were sold or used as a beverage, this objection would be good, and the permits should have been refused, but the testimony in the record does not appear to show these facts. At least, there was evidence from which the trial court might have found that said goods were not intoxicating in character or capable of being used as a beverage, and that the sale was therefore not unlawful. Code, section 2385.

III. The applicant W. J. Henery, being examined as a witness, admitted that during the six months immediately

**2. GRANTING OF PERMITS: unlawful sale.** prior to the hearing, and while having no permit, he had on one or more occasions made sales of alcohol at his pharmacy. Before a permit can properly issue, it is indispensable that the applicant allege and show that he is, and for six months prior to the date of the hearing has been, lawfully conducting a pharmacy in the city or town where he purposes to use such permit. Code, section 2387. The sales by Mr. Henery, even though made in good faith, were clearly in violation of law. Code, section 2382. The fact, if it be a fact, that the alcohol was to be used in "preserving a specimen," or that the seller himself assisted in putting the liquid to its intended use, would not bring the sale within any exception to the prohibition of the statute, and such sale alone would have sustained an indictment and conviction under Code, section 2384. *State v. Russell*, 95 Iowa, 406. There is no escape, therefore, from the conclusion that he had not conducted his pharmacy in accordance with law during the preliminary period of six months, and that his application should have been denied.

IV. It is finally contended by the appellants that the proof offered on the hearing did not show that the public

**3. NECESSITY: discretion of trial court.** necessities or convenience required the granting of more than one permit. This is a matter peculiarly addressed to the discretion and judgment of the

trial court, and we cannot say from the record before us that such discretion was abused in entering the orders appealed from.

For the reasons stated, the order of the district court is *reversed* as to the application of W. J. Henery; and, as to the applications of E. B. Griswold and M. E. Smith, it is AFFIRMED.