Argued July 7; reversed July 31; rehearing denied October 24, 1933

# KING *v.* UNION OIL COMPANY OF CALIFORNIA ET AL.

(24 P. (2d) 345, 25 P. (2d) 1055)

*John S. Coke,* of Portland (Griffith, Peck & Coke, of Portland, on the brief), for appellants.

*Paul R. Harris,* of Portland (Davis & Harris, Harvey S. Benson, and Glenn Y. Wells, all of Portland, on the brief), for respondent.

RAND, C. J. Plaintiff, as guardian of his minor son, brought this action to recover damages for personal injuries sustained by the ward, alleged to have been caused by the negligence of the defendants. The defendants appealed from a judgment in favor of plaintiff.

The undisputed evidence shows that the accident causing the injuries happened on the morning of August 9, 1930, about 10:30 o'clock, at which time the injured boy was 10 years of age. He was at the time

one of a road crew employed by Linn county in constructing a market road within that county. This crew consisted of some 20 to 25 men and there were employed on the job 12 teams. The county was also using on the job three tractors and other road-making machinery belonging to the county. The duties of the ward were to carry water from a nearby spring and to furnish the same to the men for drinking purposes. The place where the work was being performed was a short stretch of road not then open for public travel and then under construction.

The defendant Union Oil Company of California had contracted with Linn county to furnish gasoline for these tractors. Just before the accident, the defendant Shelton, the driver of one of its trucks, had driven to the place of work and was engaged in taking gasoline from the truck and in carrying it in five-gallon buckets across the roadway and pouring it into the gasoline tank of one of said tractors. While so engaged, the tank became full and a small amount of gasoline was spilled on the ground and on the clothing of the ward, who had just given a drink of water to the driver of the tractor and had then climbed up on the tractor, where he came in contact with the spilled gasoline. For some cause not disclosed by the evidence, the gasoline ignited and set fire to the clothing of the ward, who received a severe burn extending from his ankle to the thigh of one of his legs.

■ The work in which the county was then engaged is one of the hazardous occupations enumerated in the Workmen's Compensation Act, and counties, when engaged in such work, are required by the act to contribute to the industrial accident fund to the same extent and in the same manner as are other employers

when engaged in such work. See sections 49-1815 and 49-1825, Oregon Code 1930. And a workman employed by the county in such work, if he does not desire to become subject to the act, is required to give written notice of his election not to be subject to the act, as are other workmen in like cases. If the workman is under 16 years of age, the statute provides that this election must be made by his parent or guardian. See section 49-1813, Oregon Code 1930.

The evidence shows that no election was made by the parent or guardian in the instant case and, hence, under the express provisions of the statute, both the county and the ward were subject to the act when the injuries were received.

After the happening of the accident, application was made to the Commission for compensation under the act. The same was allowed and there was subsequently paid out of the industrial accident fund, as compensation for said injuries as temporary total disability for four months and 21½ days, $125; for permanent partial disability for 26 2/5 months the additional sum of $660. In addition thereto, the Commission expended on behalf of the ward the sum of $431.58 in payment of medical aid, hospital services and drugs, the total amount thus paid and expended being $1,216.58.

It appears from the evidence that no guardian for the ward was appointed until after the last of said payments had been made and accepted, and it is stipulated that on July 28, 1931, by order of the county court for Linn county, George A. King, plaintiff herein, was appointed as guardian of his minor son. The order, a copy of which was offered in evidence, recites that "said guardian is authorized to file with

the Commission a notice of his election to sue third parties for the injury sustained by his ward''. Pursuant thereto, plaintiff did file with the Commission, on a blank form provided by the Commission, notice that he had elected to sue third parties. The notice of election so filed recited, among other things, that: ''on or about August 9, 1930, David King, a minor employed by Linn county, Oregon, of Lyons, Linn county, Oregon, while in the course of his employment, *away from the plant of his employer, received injuries as follows: severe burns of his leg*''. (Italics ours).

Immediately preceding the filing of said notice of election, plaintiff's counsel wrote a letter to the Commission, in which they promised and agreed to repay the Commission all sums that had been paid for the ward out of whatever moneys should be recovered in the action, and thereupon brought this action against these defendants without repaying any of said sums and without joining the Commission as a party plaintiff in the action.

The principal question presented by this appeal is: Does section 6616, Or. L., as amended by chapter 133, Laws 1925, grant to an injured workman subject to the act the right to elect to sue a third party, where the injury occurred at the plant of the employer and was due to the negligence or wrong of another not in the same employ?

In *Hicks v. Peninsula Lumber Co.*, 109 Or. 305 (220 P. 133), Mr. Justice McCourt, speaking for the court, said:

''Plaintiff's employer, the Willamette Iron and Steel Works, was operating under the workmen's compensation law, but as the injury happened away from the employer's plant, plaintiff had a right to take

compensation, or at his election, seek his remedy against the defendant if the injury to plaintiff was due to the negligence or wrong of defendant.''

The clear deduction to be drawn from that language is that, if the accident had happened at the plant of the employer, the right to make such election would not have existed.

Again, in *Matheny v. Edwards Ice Machine & Supply Co.*, 39 Fed. (2d) 70, the plaintiff had been employed by and was working at the plant of the Medford Ice & Storage Company and had sustained an injury while so working at said plant due to the negligence of an employee of the defendant. Judge Robert S. Bean, who tried the case in the United States District Court, directed a verdict for the defendant upon the ground that, under the Workmen's Compensation Act now being considered here, the accident having happened at the plant of plaintiff's employer, the action could not be maintained. Upon the appeal of that case to the Circuit Court of Appeals, Ninth Circuit, the action of the trial court in granting the motion for a directed verdict was affirmed. The opinion was written by Dietrich, Circuit Judge. Among other things, he said:

"* * * The controlling issue at the trial centered about the interpretation of the Oregon Workmen's Compensation Act (Or. L., § 6605 et seq.), and that is the sole question submitted here. In other words, it is conceded that if, as was held in the court below, plaintiff was bound to accept the benefits of that act and was debarred by its provisions from bringing an action at law, the instruction was right; otherwise it was error, and the judgment should be reversed. * * *

"Plaintiff's reasoning is that, inasmuch as he was employed only by the storage company and was injured in its plant, the proviso has no application, and the clause immediately preceding, declaring that his right to receive compensation is in lieu of claims he might otherwise assert 'against his employer', does not operate to cut off or prejudice the right of action he would otherwise have against a third party. * * *

"When we consider the purpose of the act and the evils to be corrected, and particularly the implications of the excepting proviso, we are persuaded that when, as here, the accident occurred in the plant where all parties concerned are in a sense in a single employ, it was intended that the right to compensation under the act should be in lieu of all other remedies against any of the parties so engaged. Unless that view be taken, there would seem to be no rational explanation for the proviso. Intent is often best disclosed by the nature of an exception, and by the exception here there seems clearly implied an understanding on the part of the legislature that, without it, claims against third parties for accidents occurring away from the plant were to be deemed within the scope of the general clause. But if, except for the proviso, any claims against third parties are within the operations of the general clause, it must be held to include all.''

Among the cases cited by Judge Dietrich in support of his holding is *Hicks v. Peninsula Lumber Company,* supra.

On August 9, 1930, when this accident occurred, section 6616, Or. L., as amended by chapter 133, Laws 1925, was then in force. It has since been amended by chapter 314, Laws 1933, but the rights of the parties must be determined from the law in force at the time of the accident. As so amended and in force, section 6616 reads as follows:

"Every workman subject to this act while employed by an employer subject to this act who while so em-

ployed sustains personal injury by accident arising out of and in the course of his employment and resulting in his disability, or the beneficiaries, as hereinafter defined, of such workman, in case the injury results in death, shall be entitled to receive from the industrial accident fund thereby created the sum or sums hereinafter specified and the right to receive such sum or sums shall be in lieu of all claims against his employer on account of such injury or death, except as hereinafter specifically provided; provided, however, that if the injury to a workman occurring away from the plant of his employer is due to the negligence or wrong of another not in the same employ, the injured workman, or if death result from the injury, his widow, children or other dependents, as the case may be, shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit, and if he elects to take under this act the cause of action against such third person shall be assigned to the state industrial accident commission for the benefit of the accident fund. If the other choice is made, the accident fund shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected and the compensation provided or estimated by this act for such case. If the choice is made to recover against such third person, the accident commission, if it has expended any moneys under the terms of this act for compensation, first aid or other medical, surgical or hospital services to such injured workman, shall join as a party plaintiff in the action brought against such third person, and if such workman, or his dependents, recover in excess of [the] amount to which he is entitled under the terms of this act, the commission shall be repaid the amount so expended from the judgment awarded such workman, or his dependents. If election is made to take under the terms of this act, the commission may bring action against such third party in the name of such injured workman or his dependents and any sum recovered in excess of the costs of such action, together with the amount

expended by the commission for compensation and first aid or other medical, surgical or hospital services, together with the present worth of the monthly payments of compensation for death, permanent total disability or permanent partial disability, to which such workman or his dependents may be entitled under the terms of this act, shall be paid such workman or his dependents; provided, however, that the commission may, in its discretion, compromise such action. Any compromise by the workman of any such action which would leave a deficiency to be made good out of the accident fund may be made only with the written approval of the commission.''

■ It was the intention of the legislature, in enacting the Workmen's Compensation Act, to make an end to litigation growing out of injuries sustained by workmen subject to the act, which arose out of and in the course of their employment and to provide for such workmen, without expense to them, the payment of a certain definite amount for any injuries they might sustain while so employed. With that end in view, section 6616, Or. L., as amended by chapter 133, Laws 1925, was enacted. But for the proviso contained in that section, there is no statutory prohibition precluding an injured workman subject to the act from suing any person not in the same employ for an injury caused by the negligence or wrong of such person. That part of the section which precedes the proviso merely protects the employer from suit and no one else. The proviso, however, expressly provides, ''that if the injury to a workman occurring away from the plant of his employer is due to the negligence or wrong of another not in the same employ'', the injured workman, or, if death results from the injury, his dependents, ''shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of

any suit", and if he or they elect to take under the act, then the cause of action against such third person "shall be assigned to the state industrial accident commission for the benefit of the accident fund". The proviso also provides that: "If the choice is made to recover against such third person, the accident commission, if it has expended any moneys under the terms of this act for compensation, first aid or other medical, surgical or hospital services to such injured workman, shall join as a party plaintiff in the action brought against such third person, and if such workman, or his dependents, recover in excess of [the] amount to which he is entitled under the terms of this act, the commission shall be repaid the amount so expended from the judgment awarded such workman, or his dependents". It also provides that: "If election is made to take under the terms of this act, the commission may bring action against such third party in the name of such injured workman or his dependents and any sum recovered in excess of the costs of such action, together with the amount expended by the commission * * * shall be paid such workman or his dependents". The effect of this proviso is to grant the injured workman the right to elect whether to take under the act or to sue a third party if the injury occurred away from the plant of his employer and was due to the wrong or negligence of another not in the same employ. From this it is clear that the statute makes a distinction between injuries occurring at the plant and those occurring away from the plant, and that the right to make such election is not given by the statute unless the injury occurred away from the plant of his employer and was due to the negligence or wrong of another not in the same employ.

The same distinction is made in the statutes of the state of Washington and the statutes of the state of Montana as shown in *Meese v. Northern Pacific Ry. Co.*, 206 Fed. 222, which was affirmed by the Supreme Court of the United States in 239 U. S. 614, and in *Bruce v. McAdoo*, 65 Mont. 275 (211 P. 772). In these two cases, it was held that if the injuries are due to the negligence or wrong of a third party and occur at the plant of the employer, the right to elect to sue such third party does not exist under the act. In both of those states, the statutes contain the same provisions as to the place of injury as does our statute. Holding to the same effect, see *Peet v. Mills*, 76 Wash. 437 (136 P. 685, L. R. A. 1916A, 358, Ann. Cas. 1915D, 154); *Martin v. Matson Nav. Co.*, 244 Fed. 976; *Ross v. Erickson Const. Co.*, 89 Wash. 634 (155 P. 153, L. R. A. 1916F, 319); *Carlson v. Mock*, 102 Wash. 557 (173 P. 637); *Zenor v. Spokane & Inland Empire R. Co.*, 109 Wash. 471 (186 P. 849); *Matheny v. Edwards Ice Machine & Supply Co.*, supra.

In construing a statute, the primary purpose is to ascertain and give effect to the intention of the lawmakers. When this statute is read, it seems to be clear that the legislature intended by this proviso to give the right of action to sue third parties, if the injured workman should so elect, when and only when the injury occurred away from the plant of his employer. If such is not the meaning of the proviso, there could have been no reason for inserting that clause into the statute. For that reason, we are constrained to hold that, since the injured workman in this case was injured at the plant of his employer, the right to make such election did not exist; hence, that this action cannot be maintained.

We are also constrained to hold that, even if the right to make such election had ever existed, it was exercised too late. In *Holmes v. Henry Jennings & Sons,* 7 Fed. (2d) 231, Judge Wolverton said:

"The meaning of these provisions seems to be clear. A duty is devolved upon the employee to make an election whether to take under the act, or to seek a remedy against the party responsible for his injury, and such election must be made in advance of any suit. If he take under the act, the cause of action shall be assigned to the state for the benefit of the accident fund. I am of the view that, when he does elect to take under the act, the cause of action automatically inures to the state, and that therefore no right of action abides with such employee; that the state alone can sue, and that for the benefit of the accident fund."

That rule is applicable under the facts in this case although the workman at the time of the injury was only ten years of age, for section 6627, Or. L., provides in part:

"A minor working at an age legally permitted under the laws of this state shall be deemed sui juris for the purpose of this act, and no other person shall have any cause of action or right to compensation for an injury to such minor workman except as expressly provided herein, but in the event of a lump sum payment becoming due under this act to such minor workman, the control and management of any sum so paid shall be within the jurisdiction of the courts as in the case of other property of minors."

■ Our attention has not been called to any statute making it unlawful for the county to employ this boy at the season of the year when the accident occurred in the work he was then doing. While he was only ten years of age, the statute made him sui juris for the purposes of the act and presumably, in making his

claim for compensation and in accepting payment thereof, his father was acting as his natural guardian. It is a well settled rule that when a party has two remedies inconsistent with each other, any act, done by him with a knowledge of his rights and of the facts, determines his election of the remedy. *Robb v. Vos,* 155 U. S. 13 (15 S. Ct. 4, 39 L. Ed. 52).

█ This court has decided numerous cases where small payments had been made under the act by the commission which had afterward been repaid and it was held that the right to elect had not been lost. In none of these cases, however, were the facts proven as conclusive upon that question as in the instant case. *Hicks v. Peninsula Lumber Co.,* supra, is one of such cases. In this connection it must be remembered that, when an election has once been made to take under the act, the cause of action automatically inures to the state and no longer abides with the injured workman and thereafter the state alone can sue and that for the benefit of the accident fund. See *Holmes v. Henry Jennings & Sons,* supra. Hence, we hold that, if plaintiff ever had the right to make the election, such right did not exist after he had received full compensation under the statute.

For these reasons, the judgment must be reversed and the cause be remanded to the court below with directions to enter a judgment dismissing the action, neither party to recover costs in this or in the court below. It is so ordered.

CAMPBELL, BEAN and BAILEY, JJ., concur.

Petition for rehearing denied October 24, 1933

On Petition for Rehearing
(25 P. (2d) 1055)

*Griffith, Peck & Coke,* of Portland, and *Stratton & Kane,* of Seattle, Washington, for appellants.

*Glenn Y. Wells, Harvey Benson,* and *Davis & Harris,* all of Portland, for respondent.

BAILEY, J. The respondent, in his petition for a rehearing, asserts that the workmen's compensation law applies to and protects only such employees as can be legally employed, and in support of this contention numerous well-reasoned decisions from many courts are cited. He then directs our attention to several sections of our code relating to the employment of minors, and argues that a minor of ten years of age cannot, under any circumstances, be legally employed.

■ Section 49-413, Oregon Code 1930, provides as follows:

"The board of inspectors of child labor may in its discretion allow children between the ages of twelve and fourteen to be employed in any suitable work during any school vacation extending over a term of two weeks and may issue permits therefor. It shall be the duty of such board to exercise careful discretion as to the character of such employment and its effect on the physical and moral well-being of the child."

The foregoing section was enacted as a part of chapter 208, General Laws of Oregon, 1905. Sections 2 and 3 of that act as amended are as follows:

"No child under fourteen years of age shall be employed, permitted, or suffered to work in, or in connection with, any factory, work-shop, mercantile establishment, store, business office, restaurant, bakery, hotel or apartment house. No child under the age of sixteen shall be employed, permitted or suffered to work in the telegraph, telephone, or public messenger service." (§ 49-401, Oregon Code 1930.)

"No child under the age of fourteen years shall be employed in any work, or labor or [of] any form for wages or other compensation to whomsoever payable, during the term when the public schools of the town, district, or city in which he or she resides are in session." (§ 49-402, Oregon Code 1930.)

Other sections of the act provide for attendance at schools, working hours of minors, the issuance of schooling certificates and other matters affecting the employment of minors. There is, however, in the act referred to, no prohibition against the employment of minors during school vacation, except the prohibitions contained in section 49-401. Nor have we been able to discover, in any other law, any provisions against the employment of a minor of the age of ten years in the work in which young King was engaged at the time of the accident.

Section 49-413, on which respondent relies, must be read in connection with the other sections of the act of which it is a part, and when so considered it is apparent that the legislature intended to grant to the board of inspectors of child labor authority to permit children between the ages of 12 and 14 to be employed, for short periods, during school vacations and at suitable work in those industries in which the employment of children under certain ages is prohibited by the act. This is the construction which those who have

been charged with the administration of the act have placed on this section.

Respondent argues that since section 49-413 empowers the state welfare commission (formerly board of inspectors of child labor) to allow children between the ages of 12 and 14 to be employed at certain times and at suitable work, therefore under the familiar rule of law, *"expressio unius est exclusio alterius,"* children under 12 years of age are absolutely forbidden to work at any time at any employment. Applying this same line of reasoning, it might be contended with the same plausibility that children over 14 years of age were also prohibited. Had the legislature intended to make the employment of minors under a certain age at any work during vacation time illegal, it would have said so, definitely and unmistakably, as it did in the sections already quoted, with reference to certain industries.

■ Respondent had attempted to introduce in evidence in the circuit court what purported to be a circular issued by the state welfare commission, dated July 14, 1931, containing the orders of its predecessor, the industrial welfare commission. The objection of the defendants to its introduction was sustained. Respondent now contends that we ought to take judicial notice of all orders and regulations promulgated by state boards and commissions, and that we should consider the order of August 12, 1919, promulgated by the industrial welfare commission, set forth in the circular above referred to, and reading as follows:

"No child under sixteen (16) years of age can be employed in the state of Oregon unless he or she has acquired the ordinary branches of learning taught in the first eight years of the public schools."

The view which we take of this order makes it unnecessary to pass on the question of whether or not this court will take judicial knowledge of its contents. The order recites that it is issued pursuant to the authority vested in the industrial welfare commission by chapter 62, General Laws of Oregon, 1913. No such authority is vested in that commission by the law last referred to or any other law of the state coming to our attention. The purpose of the 1913 enactment was "to provide for the fixing of minimum wages and maximum hours and standard conditions of labor for" women and minors.

We have been unable to find any law which made illegal the employment of David King in the work he was performing at the time of the accident. The petition for a rehearing is therefore denied.

RAND, C. J., and CAMPBELL, J., concur; BEAN, J., not participating in this opinion.