15439

STATE v. SEITHEL

(21 S. E. (2d), 195)

*Hon. Robert McC. Figg, Jr.,* of Charleston, for the Ninth Circuit, appearing for the State of South Carolina, appellant,

*Messrs. Hagood, Rivers* and *Young,* of Charleston, counsel for respondent,

July 6, 1942.

The opinion of the Court was delivered by CIRCUIT JUDGE A. L. GASTON, ACTING ASSOCIATE JUSTICE.

The appeal in this case involves the construction and application of Act No. 850, of 1934, being Section 1478-1 of the supplement to the Code of 1932, relating to, and prohibiting the employment of women or children to work in mercantile or manufacturing establishments on Sunday. The term mercantile establishment is defined by the Act, and "shall be construed to mean any place where goods or wares are offered or exposed for sale, except cafeterias and restaurants."

The defendant C. H. Seithel is the agent and manager of Walgreen's in the City of Charleston. He was arrested upon a warrant sworn out by an inspector of the State Department of Labor on the charge of a violation of the Act by the employment of women on Sunday in Walgreen's in that he allowed or required women to work on Sunday in this restaurant, which is carried on and conducted by Walgreen as a part of the business owned and operated by this concern. In the same place is also conducted a store in which many articles are sold, including drugs. The restaurant is not entirely separated by partition from the rest of the place, or balance of the store.

The case was first tried before Honorable Paul M. McMillan, as Judge of the Civil and Criminal Court of Charleston, who held that the Act is unconstitutional under the case of *Gasque Inc. v. Nates,* 191 S. C., 271, 2 S. E. (2d), 36.

The State then appealed to the Court of General Sessions, where the case was heard on the record by his Honor, Judge Grimball, who, by his order dated June 26, 1941, held that

the woman was employed in the restaurant, and that she worked nowhere else, hence the constitutional question did not arise and was not considered, because the facts of the case do not bring the case within the prohibitive terms of the Act. Judge Grimball further held that the legislature never intended such interpretation of the Act as is claimed by the State, and he dismissed the appeal.

The State now appeals to this Court upon four exceptions, which are presented in argument under two questions. The first question propounds the issue, does the exception as to cafeterias and restaurants, in the Act, include and permit the employment of women on Sunday in the soda fountain and restaurant department of the mercantile establishment, which at the same time is being operated to sell merchandise in its drug and mercantile department in the same store place. The second question offers for consideration the issue that if the exception as to cafeterias and restaurants does not include and permit the employment on Sunday of women in the soda fountain and restaurant department is the Act unconstitutional, as depriving the defendant of equal protection of the laws.

The respondent raises the issue, as to the constitutional question, by serving and arguing as a sustaining ground the contention that the Act is unconstitutional as denying to the defendant the equal protection of the laws by unreasonably discriminating against the operation of a soda fountain and restaurant in a store against which no complaint is made as to the sanitary or working conditions when the employment of females on Sunday is permitted in a restaurant in a hotel or other places.

The facts are not in dispute, and are of value only for the purpose of determining the correct intention of the General Assembly in respect to the legislation now before this Court for interpretation, application and construction.

The record shows that respondent was the manager of Walgreen's, in Charleston, which engages in the sale of drugs, merchandise, soda fountain products and meals in

one large room or store space. On Sunday men are employed in the sale of drugs and merchandise in the drug and merchandise department, and women are employed in the sale of soda fountain products and meals in the soda fountain and restaurant department. A male cashier collects for purchases of all kinds. The one dividing partition between the different departments is the south side of a row of booths in the soda fountain and restaurant department. All customers enter a single door at the northwest corner of the store space, and have to pass through a portion of the space occupied by the soda fountain and restaurant department in order to get to the portion where merchandise is sold.

On the Sunday here in question, an inspector of the Department of Labor purchased a soft drink from a woman employee working behind the soda fountain, and thereafter obtained the warrant by which this prosecution was commenced.

The grounds of appeal and the additional sustaining ground present for consideration the foregoing questions stated herein.

It is apparent from the record that the restaurant is kept distinct from the drug and store department. There is a kitchen in a separate room to the rear of the restaurant. The soda fountain is a part of the restaurant, and so far as this appeal indicates is related to the restaurant where food, meat or drink is served. It is a place where meals or refreshments are served to the public.

The legislative intention must be regarded as reasonable, for a beneficial purpose, to promote the welfare of a certain class of labor, embracing and including all women and children. The object of the Act is to exempt them from work on Sunday in mercantile or manufacturing establishments. The Act is not puritanical in its scope. If it was intended to denounce a desecration of the Sabbath, the Act would not only be unnecessary legislation since the Section 1732 of the Code, now fully covers all work on the Sabbath by any tradesman, artificer, workman,

laborer, or other person whatsoever, but it would be unduly limited to women and children, without any reasonable distinction or classification, as to the sex or age of the laborers or character of the work performed. Nor was the Act intended to be tyrannical in its import. It permits women and children to labor and work in cafeterias and restaurants on Sunday; yet no express authority is found for men to work therein on Sunday. The Act is silent as to men because it does not relate to any social welfare of men, as a class.

A scrutiny of the terms of the Act shows that it has a two-fold application, and forbids the employment of women and children to work on Sunday in a mercantile or manufacturing establishment, and also exempts or excepts cafeterias and restaurants. Impliedly therefore, it is lawful for women and children to labor on Sunday in restaurants or cafeterias. The law in regard to work of necessity or charity on the Sabbath day is not impinged upon, nor referred to in the legislation under present consideration.

It seems clear therefore that if women are hired to work in a restaurant, and nowhere else on Sunday, the Act is not violated. Her kind of work is the same wheresoever the restaurant is located, either in a hotel, store room, bus station, or in a separate room to itself, or elsewhere for the service of meals to the public.

We think that Judge Grimball correctly held that the Act had not been violated by the employment of the lady in question in the restaurant, and that she worked nowhere else.

While both parties seem to concede that Walgreen hires men to work on Sunday in the drug and store part of the room, we do not perceive that such a condition of affairs can now be considered either by way of aggravation or extenuation of the charge of the violation of law by the employment of women in the restaurant part of the store.

This appeal argumentatively not only assails the conduct of the defendant but goes further and assails the validity of the Act of the legislature by reason of the alleged misconduct of the defendant in the other part of the store room. In other words the appeal seems to raise the issue that the validity of the law rests upon the fact that the defendant by his failure to close his store business on Sunday has either rendered the Act unconstitutional, or has gained some advantage under the law by operating both places on Sunday. The law does not depend upon the observance of some other law for its enforcement or for its construction. It would be just as plausible for the defendant to employ men waiters alone on Sunday in the restaurant, and then to claim that he could also sell or expose for sale merchandise in the other part of the store, because he did not employ women at all on Sunday. The two things are separate and the place in question is not the store but the restaurant. We think that the Act exempts all *bona fide* restaurants or cafeterias which are lawfully conducted in other respects from its terms and permits the employment therein on Sunday of women or children to work therein and to work nowhere else.

The issue as to the constitutionality of the Act does not necessarily arise in this case since the decision on circuit by Judge Grimball should be affirmed upon the facts as found by him. The Act is not manifestly contrary to any decision of this Court and under the facts of this suit is upheld and sustained.

The judgment of the Circuit Court is sustained and the appeal is dismissed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES, and CIRCUIT JUDGE L. D. LIDE, ACTING ASSOCIATE JUSTICE, concur.