Argued September 12, reversed November 13, 1957, petition for
rehearing denied January 8, 1958

# BUTLER *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

## 318 P. 2d 303

*George S. Woodworth*, Assistant Attorney General, Portland, argued the cause for appellant. With him on the briefs were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem.

*W. A. Franklin* argued the cause for respondent. On the brief were Anderson, Franklin & O'Brien, Portland.

Grant T. Anderson, Portland, filed a brief as amicus curiae.

LUSK, J.

The question on this appeal is whether a school district, which elects to take the benefits of the Workmen's Compensation Law as an employer engaged in a nonhazardous occupation and expressly limits the desired coverage to the school janitor, nevertheless becomes

thereby subject to the provisions of the Act as to all its employees including its teachers.

On January 7, 1938, School District No. 3, Gilliam County, Oregon, filed with the commission on a printed form prepared by it a "Notice of Election to Contribute to the Industrial Accident Fund." The application contained the following:

> "The undersigned, being engaged as an employer in an occupation which is not defined as hazardous by the Workmen's Compensation Law, hereby gives notice, pursuant to the provisions of Section 49-1840, Oregon Code 1930 [ORS 656.034], as amended, of electing to contribute to the Industrial Accident Fund to cover the following occupations: The operation of buildings, including janitors.

> "Name under which employer transacts business . . . School District No. 3, Gilliam Co.

> \* \* \* \* \*

> "Nature of occupation or business covered by this notice (describe fully) . . . school janitor."

The school district has ever since the filing of this notice been subject to the Act.

On January 26, 1956, the plaintiff, a teacher employed by the school, fell and was injured while walking down the school steps. It is stipulated that her injury was sustained by accident arising out of and in the course of her employment. Plaintiff filed a claim for compensation with the defendant commission, but the claim was rejected for the reason that "there is no evidence that plaintiff was employed subject to the provisions of the Workmen's Compensation Law at the time of said accidental injury." Plaintiff appealed to the circuit court, which, after a trial without a jury and on stipulated facts, entered findings of fact and

conclusions of law and a judgment in her favor. The commission has appealed.

In addition to the facts already stated, the court found that at the time of the plaintiff's accident School District No. 3 employed seven persons, including plaintiff, as teachers in its school, one principal, one clerk, three bus drivers, two cooks and one janitor; that neither the plaintiff nor any other teacher, nor any other employees of the school district except the janitor had contributed to the Workmen's Compensation Fund; that the school district had made no contributions save and except those based upon the employment of the janitor; that the employer had in its employ persons engaged in several separate nonhazardous crafts or occupations, and that plaintiff's occupation at the time of her injury was that of a school teacher and not that of a janitor or maintenance worker.

Conclusions of law Nos. I and II entered by the court are as follows:

"I

"The word 'occupation' used in the Compensation Act has reference in the case at bar to the occupation of the employer rather than the various crafts of the employees.

"II

"When the School District elected to come under the Compensation Act as to an employee, every employee engaged in its single occupation became covered under the Compensation Act and at all times herein mentioned, plaintiff was covered by the Compensation Act and entitled to the benefits of said Act."

The crux of the controversy is found in the foregoing conclusions of law. The basic questions are whether coverage is determined by the occupation of

the employer or that of the employee, and, if the former, whether the school district has but a single occupation, that of providing free public education, or whether, on the other hand, the business of maintaining a school building can properly be regarded as a separate occupation.

 The commission contended in the circuit court that the occupation of the employee controls, and reiterated that contention in its brief in this court. On the argument, however, counsel for the commission conceded that his confidence in this position was shaken. We think that the language of the pertinent sections of the Act makes it clear that it is the occupation of the employer, not the employee, which is the determining factor here.

The statute pursuant to which the school district became subject to the Act is ORS 656.034, which reads:

"Any employer, including any municipal corporation and the state or any political subdivision thereof, engaged in any occupation other than those defined as hazardous by ORS 656.082 to 656.086 * * * may file notice in writing with the commission of his election to contribute to the Industrial Accident Fund upon such occupation * * * The employer and his workmen in such occupation shall be subject to" the Workmen's Compensation Law.

Obviously the election given by this statute is to an employer engaged in a nonhazardous occupation.

ORS 656.022 provides that "All persons engaged as employers in any of the hazardous occupations specified" elsewhere in the Act shall be subject to the Act except that an employer may elect to be relieved of certain of its obligations and to lose its benefits (Subdiv. 1); that where an employer is engaged in separate occupations, one hazardous and one or more

nonhazardous, he shall not be subject to the Act as to the separate nonhazardous occupations, nor shall his workmen wholly engaged in such separate nonhazardous occupations be subject to the Act except by an election as authorized by ORS 656.034 (Subdiv. 2); that employers who are engaged in an occupation, partly hazardous and partly nonhazardous, come under the Act as if the occupation were wholly hazardous (Subdiv. 3); and, finally, Subdiv. 4 provides:

"It is the purpose of this section that an occupation and all work incidental thereto and all workmen engaged therein shall be wholly subject to or wholly outside the provisions of ORS 656.002 to 656.590 [the Workmen's Compensation Law]."

The first three subdivisions of this section deal in express terms with the occupation of the employer. The word "occupation" in Subdiv. 4 was directly held to refer to the occupation of the employer in the recent case of *Bos v. State Industrial Accident Commission*, 211 Or 138, 315 P2d 172, 175. We there said:

"* * * Here again the legislature adopts a double-barreled provision. First it is the purpose that an occupation (the employer's occupation) and all work incidental thereto shall be wholly subject to or wholly outside the provisions of the compensation act. Second, it is the purpose that all workmen engaged therein, to wit, in an occupation of the employer, shall be wholly subject to or wholly outside the provisions of the compensation act."

ORS 656.122 reads:

"If an employer is subject to ORS 656.002 to 656.590 as to any occupation, all workmen employed by him in such occupation are subject to ORS 656.002 to 656.590 as workmen, but not otherwise."

By the foregoing provision the legislature has ordained that the occupation of the employer shall determine

the question of what workmen are subject to the Act. If an employer is subject to the Act as to any occupation, his employees in that occupation are likewise subject to the Act.

It is pertinent here to take note of the fact that, as originally enacted, the Workmen's Compensation Law gave the workman an election not to be subject to the Act. Oregon Laws 1913, ch 112, § 11. Subdivision 4 of ORS 656.022, known as the "wholly wholly" clause, was adopted in 1933. Oregon Laws 1933, ch 59, § 1. The expressed purpose of that clause that an occupation and all workmen engaged therein shall be wholly subject to or wholly outside the Act is obviously inconsistent with a right of election in the workmen not to be subject to the Act. The election provision was removed by Oregon Laws 1935, ch 61, § 1, and the entire section of which it formerly was a part is now ORS 656.122, above quoted. See *Manke v. Nehalem Logging Co.*, 211 Or 211.

From this review of the material provisions of the Act, the legislative intent is apparent that all employers engaged in occupations defined as hazardous are made subject to the Act (unless they otherwise elect), and thereby workmen engaged in such occupations become subject to it; and that as to nonhazardous occupations the effect of an employer's election to contribute to the accident fund upon a particular occupation is to bring under the Act all his employees engaged in that occupation.

■ It follows that the janitor could only become subject to the Workmen's Compensation Law through an election by the school district as an employer engaged in a nonhazardous occupation in which the janitor was also engaged as an employee. To use the language of commercial insurance, the commission was not author-

ized to issue a policy of accident insurance on the janitor *qua* janitor. It could issue a policy which of necessity would cover all the employees of the school district, including the teachers and the janitor, if the school district had but one occupation; if, on the other hand, the school district had more than one occupation, then it could issue a policy as to a particular occupation, and in that event all the employees engaged in that occupation and no others would be covered.

Within the meaning of the Workmen's Compensation Law a school district may have more than one occupation. ORS 656.032 provides:

> "If the state or any state department, county, incorporated city or town, school district, irrigation district, or political subdivision of the state or any county engages as an employer in any hazardous occupation as defined in ORS 656.082 to 656.086, it may not reject the provisions and benefits of ORS 656.002 to 656.590."

In *McLean v. State Ind. Acc. Comm.*, 189 Or 405, 419, 221 P2d 566, we said of this section that it necessarily "implies that an employer may have two or more occupations which may be carried on, either separately or together." In that case the court took judicial notice that the state may have many separate occupations, some of them wholly nonhazardous. It appeared that the military department of the state had taken over and was administering a portion of Camp Adair, the property of the United States government, under a revocable license which gave it the use of the buildings, utility service, water mains, electrical distribution system, etc. We held that this project was a separate occupation of the state, which was partly hazardous, inasmuch as it included repair of buildings. As to such separate occupation the state was held to be auto-

matically under the Act pursuant to the provisions of ORS 656.032, and an award of compensation to a civilian employee of the department, who was injured while engaged in his work of "general maintenance and repair," was sustained. See, also, *King v. Union Oil Co.*, 144 Or 655, 24 P2d 345, 25 P2d 1055.

A school district is engaged in the nonhazardous occupation of furnishing free public education. But the statute, ORS 656.032, recognizes that it may be engaged also in a hazardous occupation. We are indebted to counsel for the Portland school system, who filed a brief amicus curiae, for the following enumeration of the various activities in which our public school districts are engaged:

> "Occupations presently carried on by school districts in addition to the occupation of furnishing free public instruction include the care, construction, repair, alteration, painting, moving and demolishing of buildings and other structures, the furnishing of mass transportation to their pupils and to the pupils attending private and parochial schools within their boundaries, the operation of cafeterias and lunch rooms, the furnishing of dental and health service, the operation of warehouses and storerooms, a radio broadcasting station and a print shop, to name a few."

The occupation upon which the school district here elected to contribute to the industrial accident fund is described in its notice of election as "The operation of buildings, including janitors." The difficult question in this case is whether this can properly be said to be a separate occupation. In determining that question we must, of course, keep in mind the obvious meaning of provisions of the Workmen's Compensation Law designed to prevent an employer subject to the Act from arbitrarily dividing his activities into parts, and,

under the guise of separate occupations, choosing a partial coverage for what is essentially a single occupation.

But that, we think, is not the posture of the present case under a reasonable interpretation of the Act as it relates to the state or its political subdivisions. One of the activities of the school district is the operation of busses. This is a hazardous occupation. ORS 656.-084 (7). By force of the statute, ORS 656.032, the school district "may not reject the provisions and benefits" of the Act as to this separate hazardous occupation, but it does not follow that it must, therefore, become subject to the Act as to all its separate non-hazardous occupations. If the school district operated a printing plant and used power-driven machinery in connection with it, it would be engaged in a separate hazardous occupation (ORS 656.084 (1)), and one more intimately connected with the principal occupation of education of youth than the janitor's work. It would in that case be under the Act as to the operation of the printing plant, but not as to its teaching staff unless it exercised an election as to the latter. It is quite as reasonable to say that the school district, in its activity of operating a school building, is engaged in a separate occupation as it is thus to classify the activities of operating busses and a printing plant.

As stated in the beginning, the school district became subject to the Workmen's Compensation Law as an employer engaged in the occupation of operating buildings on January 7, 1938, nearly 20 years ago. The only contribution it has made to the accident fund has been upon the janitor employed at the school, and the janitor is the only employee who has contributed to it. During all that period there has been in existence this administrative construction of the law by the com-

mission, never apparently questioned by anyone until the plaintiff filed her claim early in the year 1956. We are informed in the brief of amicus curiae that this has been the interpretation for some 40 years, and that it has been put into effect in numerous school districts. At recurring sessions of the legislature the Workmen's Compensation Law has been amended and revised, but this practice has not been disturbed. On a question as close as this, upon the decision of which very grave public consequences may depend, we think that the contemporaneous, administrative interpretation over a long period of time should turn the scale. *City of Portland v. Duntley*, 185 Or 365, 385, 203 P2d 640; *Union Pac. R. R. Co. v. Anderson*, 167 Or 687, 709, 120 P2d 578; *Kelly v. Multnomah County*, 18 Or 356, 359, 22 P 1110; 2 Sutherland, Statutory Construction (3d ed) 525-526.

We conclude that the school district at the time of the injury to the plaintiff was subject to the Workmen's Compensation Law only as to its occupation of operating buildings; that the plaintiff, therefore, was not entitled to the benefits of the Act; and that the judgment in her favor must be reversed.

McALLISTER, J. dissenting.

The simple question posed by the case is whether the work of the school janitor is incidental to the operation of a school by a school district or is a separate occupation, not of the employee, but of the employer. The decision of the majority has assigned no reason why the work of the janitor is not incidental to the employer's business of operating a school. Instead, the decision is based on a construction of the statutes in exact contradiction to the legislative intent expressed therein in clear and concise language.

ORS 656.034 grants to all employers, both private and public, engaged in non-hazardous occupations the right to contribute to the act upon such occupation. If such election is made, the employer and all his workmen in such occupation shall be subject to the act.

The statutory provision decisive of this case is paragraph (4) of ORS 656.022, which reads as follows:

"It is the purpose of this section that an occupation and all work incidental thereto and all workmen engaged therein shall be wholly subject to or wholly outside the provisions of ORS 656.002 to 656.590."

The legislative intent is clear that an employer engaged in a separate occupation, whether hazardous or non-hazardous, or partly hazardous and partly non-hazardous, and all employees engaged in that occupation and all employees engaged in work incidental to that occupation, shall either be all subject to the act or all excluded from the act.

Any election on the part of an employer attempting to divide a single occupation making a portion of his employees engaged in that occupation subject to the act while excluding from the act the remainder of his employees engaged in the same occupation is expressly prohibited.

It is then obvious that if the janitor is merely performing work incidental to the occupation of School District No. 3, the district could not by an election make the janitor subject to the act and exclude from the act all other employees in the same occupation. Whether the filing of such an unauthorized election makes all of the employees engaged in the occupation subject to the act or is ineffective to bring any employee under the act is a question which the majority have not deemed necessary to decide at this time.

This case was submitted upon an agreed statement of facts which included the following:

"* * * that the School District employed, in addition to the janitor, one principal, seven teachers, three bus drivers, two cooks and a clerk, *all of whom were engaged in operating the school* at one school building in Arlington. * * *" (Italics supplied)

The parties clearly agreed that the occupation in which the School District was engaged was the operation of a school. In my opinion, the work of the school janitor was either a part of or at least incidental to that occupation.

The majority rest their decision on the proposition that because the statute ORS 656.032 recognizes that a public employer may be engaged in a hazardous occupation, that all hazardous occupations engaged in by a public employer are separate. The opinion states that the operation of school buses is a hazardous occupation and then assumes without stating any basis for such assumption, that the operation of school buses is a separate occupation. In addition, the majority state that if a school district operated a printing plant using power-driven machines "it would be engaged in a *separate* hazardous occupation." The operation of a printing plant would be hazardous, (ORS 656.084 (1)), but if used to teach students the printing trade, by what stretch of the imagination could it be separate? The majority would hold that the manual training teacher would be engaged in a separate occupation if any power-driven machines were used in his department, not because he is engaged in a separate occupation of his employer, but because his work is hazardous. Thus, the teaching staff of the same school, all engaged in the employer's single occupation of furnishing education to the students, would be partly subject to the

act and partly excluded from the act. This conclusion is in exact contradiction to the express language of ORS 656.122 (4) that all workmen engaged in an occupation of the employer "shall be wholly subject to or wholly outside" the act.

The majority concludes by reasoning that because the teaching of printing or the operation of buses is a separate hazardous occupation of the employer, the work of the janitor is a separate occupation of the employer. The furnishing of transportation may be a separate occupation of the employer not because it is hazardous but because it is separate in fact. At least it would be easier to demonstrate that the furnishing of transportation was a separate occupation of the employer than it would be to demonstrate that the work of the man who cleans the school rooms is not merely incidental to the employer's occupation of furnishing instruction to the students.

It should be remembered that the provisions of the act being interpreted here, apply alike to public and private employers. The only distinction made in the statute between public and private employers is contained in ORS 656.030 which provides that if a public body is engaged in a hazardous occupation it may not reject the provisions of the act. All other provisions of the act pertaining to coverage apply to private and public employers alike.

The statutes recognize that private employers may be engaged in separate occupations, some hazardous, some non-hazardous and some partly hazardous and partly non-hazardous in exactly the same manner that public employers may be so engaged. When we come to apply the reasoning of the majority opinion to private employers we will be faced with an extremely puzzling problem.

I dissent.