Argued July 11, reversed with instructions October 26, 1966

# BABB *v.* LEWIS, STATE INDUSTRIAL ACCIDENT COMMISSION

### 419 P. 2d 423

*Noreen A. Saltveit,* Assistant Attorney General, Portland, argued the cause for appellant. With her on the briefs were Robert Y. Thornton, Attorney General, and Wallace Carpenter, Assistant Attorney General, Salem.

*George Des Brisay,* Portland, argued the cause for respondent. On the brief were Franklin, Olsen, Bennett & Des Brisay, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, HOLMAN and HAMMOND\*, Justices.

PER CURIAM.

The plaintiff was employed by Loren W. Lewis for the purpose of cleaning and painting the inside of a tavern situated on the outskirts of Portland and owned by Lewis. On or about February 5, 1964, the plaintiff sustained an injury to his neck when he tripped and fell in a walk-in beer cooler he was painting.

In September, 1964, plaintiff filed his claim for workmen's compensation with the commission and his claim was rejected on the basis that his employer was not engaged in a hazardous occupation. Plaintiff subsequently filed a petition for rehearing, which was also rejected by the commission. Plaintiff thereupon appealed the matter to the circuit court and the jury found that Lewis was operating a restaurant, which was listed as a hazardous occupation under ORS

---

\* Hammond, J., did not participate in the decision of this case.

656.084 and, therefore, plaintiff was entitled to compensation under the act.

It is to be noted that the operation of a "tavern" is not included in ORS 656.084 as an occupation declared to be hazardous.

■ The question then propounded is: Does the fact that prepared foods (such as fried shrimp, deep fried chicken, French fried potatoes, onion rings, and cornmeal covered hotdogs known as "burritos") are cooked in a deep fat frier in the tavern, to be sold to customers and to be consumed on the premises, transfer the occupation of the defendant Lewis from that of a tavern keeper to a restaurateur, so that it may be said the employer was engaged in an activity legislatively declared hazardous?

We are of the opinion that the preparation of the food described above is not such as would convert the operation of this tavern into a restaurant in contemplation of the Act.

■ The word "restaurant" comes from the French language and means "food that restores," Webster's Third New International Dictionary.

An examination of Words and Phrases, 37A, perm. ed., Restaurant 59-65, discloses that the word "restaurant" is used in many instances indiscriminately for all places where food and refreshments can be had. However, when distinctions are required under an act between places where food is sold in conjunction with some other business enterprise, the courts generally accept the definition of a "restaurant" as a place where *meals* are prepared and served to the public to be consumed on the premises; a public eating house. *In Re Henery*, 124 Iowa 358, 100 NW 43; *City of Flordell Hills v. Hardekopf*, Mo App 1954, 271 SW2d 256;

*State ex rel Spiccia v. Abate,* 2 Ohio St2d. 129, 207 NE2d 234; *State v. Seithel,* 201 SC 1, 21 SE2d 195.

■ On the other hand, a tavern, in common understanding, is a house licensed to sell liquors in small quantities to be drunk on the spot, *State v. Chamblyss,* SC., Cheves, 220, 34 Am Dec 593, and is synonymous with the word "barroom," *Matter of Schneider,* 11 Or 288, 8 P 289. That common understanding still exists, except that taverns are limited as to intoxicants that may be sold.

There is little question but that a "tavern" could also be .a "restaurant" if a primary purpose of the establishment is to prepare meals to be served to the public, but the evidence in this case as to food prepared by Lewis is susceptible of only one meaning and that is that it was prepared, not as a meal, but rather as a snack to supplement the beer. There were no cooks or waiters. What was prepared may be referred to as "finger food." Neither does the evidence disclose equipment sufficient to prepare regular meals intended to satisfy the hunger of people seeking restoration of lost calories. The most that can be said is that the preparation of these "finger foods" was an incidental adjunct to the operation of the tavern.

■ The employer's occupation governs the status of the employee, *Butler v. State Ind. Acc. Com.,* 212 Or 330, 318 P2d 303, and services rendered which are considered as an incidental part of the employer's primary occupation are insufficient to enlarge his general occupation, *Manning v. State Ind. Acc. Com.,* 234 Or 207, 380 P2d 989.

The judgment is reversed with instructions to sustain the defendant's motion for a directed verdict.