Submitted on motion to dismiss appeal March 13; motion allowed
April 11, 1951

## JACKMAN *v.* JONES ET AL.

229 P. 2d 963

*Black & Kendall* and *David Fain,* all of Portland,
for the motion.

*Lenske, Spiegel, Spiegel, Martindale & Lezak,* of
Portland, contra.

Before BRAND, Chief Justice, and HAY, ROSSMAN, LUSK, LATOURETTE and WARNER, Justices.

WARNER, J.

This is on defendants' motion to dismiss the appeal of plaintiff-appellant as to plaintiff's appeal from an adverse judgment on his second cause of action.

The appeal is from two separate judgments following the trial on two separate causes of action pleaded in one complaint. The judgment on the first cause was entered on the 10th day of January, 1951. The judgment on the second cause was entered on the 28th day of April, 1949. Notice of appeal from both judgments was served on the 13th day of February, 1951.

The motion poses the question: Where two or more causes of action are pleaded in one complaint and two or more separate judgments are separately entered as to such causes of action, is the time for giving notice of appeal to be determined from the date of entry of the last separate judgment or from the date of the separate judgment made as to a separate cause of action if earlier in time than the date of the last judgment entered on another separate cause of action pleaded in the same complaint? Or, to resolve the question in terms of the instant matter, was the plaintiff-appellant bound to give his notice of appeal from the judgment entered on his second cause of action within sixty days from the entry of that judgment, i. e., from April 28, 1949, or could he compute his time for notice of appeal from both judgments from January 10, 1951, the date of entry of the last judgment on his first cause of action, as appellant has done here?

Acting under § 102-1780, O.C.L.A., the attorney general filed an answer to plaintiff's second cause of action alleging that plaintiff's sole remedy was under the Workmen's Compensation Law. Upon the trial of the defense pleaded by the answer of the attorney general, the court determined that plaintiff's claim for personal injuries did not lie against the defendants but was solely amenable to the provisions of the Workmen's Compensation Law. That judgment was made on April 28, 1949, and thereby finally disposed of plaintiff's second cause of action as to the defendants.

Some time thereafter a trial was had on plaintiff's first cause of action, resulting in a judgment in favor of defendants-respondents and against plaintiff-appellant, and the date of that judgment is the one upon which the plaintiff times his notice of appeal.

■ The judgment following the filing of the attorney general's answer to plaintiff's second cause of action was a final order and, as such, was appealable by the express terms of § 102-1780, O.C.L.A.

■ If the plaintiff was dissatisfied, he should have served his notice of appeal as to that judgment within sixty days from April 28, 1949, but, having delayed to await the outcome of the trial on his first cause of action, he has lost his right of appeal from the judgment on his second cause. See *Taffe v. Smyth,* 62 Or. 227, 234, 125 P. 308, where we held that a judgment which determines six out of seven causes of action is a final judgment appealable under § 548, L.O.L. (now § 10-801, O.C.L.A.).

The appeal from the judgment entered April 28, 1949, on the second cause of action is dismissed.